IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| RICK SIMS | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-07-4511 |
| | § |
| TEXAS DEPARTMENT OF HOUSING | § |
| AND COMMUNITY AFFAIRS, ET AL. | § |

## OPINION AND ORDER

Before the Court is the "Motion for Default Judgment" of Plaintiff, Rick R. Sims. The Motion seeks entry of default against Defendants Zion Village Ltd. (sic), TK Net, LLC, and Anderson, LLC. At a Hearing on February 29, 2008, this Court deferred a ruling on the Motion pending submission, by Sims, of proof that process had been properly served. Sims refiled his Motion on March 5, 2008, and filed some supporting documents on April 11, 2008, but nothing more has been submitted. The Court now issues this Opinion and Order.

### Zion Village, Ltd.

On March 13, 2008, Village of Zion, L.P., filed an answer to Sims' complaint, therefore, the Motion for Default Judgment as to Village of Zion is moot.

### TK Net, LLC

The proper method of service of process in a federal court action can be confusing because the federal rules incorporate the appropriate rules of the state where the District Court is located. Sims attempted to serve TK Net by certified mail. Under Rule 4(e)(1) and 4(h)(1)(A) service of process on an individual or domestic corporation by mail must be accomplished in accordance with Texas law. When read in conjunction with one another, Rules 103, 106 and 107 of the Texas

Rules of Civil Procedure appear to allow only the Clerk of Court to perfect service by mail. See e.g. Osorio v. Emily Morgan Enters., LLC, 2005 WL 589260 at *2 (W.D. Tex. 2005) Although there is one case that recognizes service by mail if done by "an authorized process server," P&H Transp., Inc. v. Robinson, 930 S.W.2d 857, 859 (Tex. App - - Houston 1996, writ denied), it seems clear that service by mail cannot be properly perfected by just any third-party without an interest in the case. In this case, there is no indication whether the server, Mark Dones, was an "authorized person." Moreover, Rule 107 requires that the Return be accompanied by the green return receipt card signed by the addressee, which was not done in this case. Sims' proof of service is insufficient as to TK Net, LLC, and his Motion for Default Judgment must be denied.

### Anderson Capital, LLC

On April 11, 2008, Sims filed a copy of the summons issued for Anderson. The summons had a "Certificate of Service" attached as page 2 which was signed by Mark Dones. However, no "Return of Service" has been filed indicating the date of service and containing Dones' verification. Rule 107, Tex. R. Civ. Proc., requires that the Return be filed. Since there is insufficient proof that Anderson has been properly served, the Motion for Default Judgment must be denied.

For all of the foregoing reasons, it is the **ORDER** of this Court that the "Motion for Default Judgment" (Instrument nos. 7 and 12) of Plaintiff, Rick R. Sims, are **DENIED**.

**DONE** at Houston, Texas, this _____8th_____ day of September, 2008.

_____
John R. Froeschner
United States Magistrate Judge