IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| RICK SIMS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-4511 |
| | § | |
| TEXAS DEPARTMENT OF HOUSING | § | |
| AND COMMUNITY AFFAIRS, ET AL. | § | |

**OPINION AND ORDER**

Before the Court is the "Defendant Texas Department of Housing and Community Affairs' 12(b) Motion to Dismiss" the complaint of Plaintiff, Rick R. Sims. After careful review of the record, the Motion and Sims' response, the Court now issues this Opinion and Order.

The relevant facts of this case can be briefly stated in the light most favorable to Sims. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)   Sims, who suffers from a past drug addiction disability, applied for tax credits from the Texas Department of Housing and Community Affairs (TDHCA) through its Qualified Allocation Plan for the purpose of financing the construction of a low-income rental facility for housing otherwise homeless elderly families with special needs. Sims expended substantial time and money developing the plans for the project, however, despite being awarded the highest scores and top ranking on his application, the application was rejected on technical grounds without giving Sims a reasonable opportunity to cure them. As result, other persons or entities pirated the work Sims had performed and received the tax credits for the development. Sims then sued TDHCA[1] alleging violations of Title II of the Americans wit Disabilities Act (ADA), the Fair Housing Act (FHA) and

---

[1] Sims also sued Zion Village Ltd., TK Net, LLC, and Anderson, LLC. These Defendants, however, are not involved in the instant Motion.

the Rehabilitation Act. He also seeks injunctive relief compelling TDHCA to avoid future violations of the provisions of these federal statutes.

In its Motion, TDHCA argues that the Court lacks jurisdiction because it enjoys the benefit of the Eleventh Amendment immunity, and, regardless, Sims lacks standing to assert his claims.

**Eleventh Amendment Immunity**

Absent a suspension of sovereign immunity through abrogation by Congress under Section 5 of the Fourteenth Amendment or consent, an agency of the state, like TDHCA, is immune from suit in federal court. College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Board, 527 U.S. 666, 670 (1999)    Sims' ADA and FHA claims against TDHCA are barred by sovereign immunity. It has been held in this Circuit that Title II of the ADA did not validly abrogate the states' Eleventh Amendment immunity, Rickenbacher v. Foster, 274 F.3d 974, 984 (5th Cir. 2001), or condition the receipt of federal funds on its waiver. Pace v. Bogalusa City School Dist., 325 F.3d 609, 615 (5th Cir. 2003)    Furthermore, the states were not made "persons" potentially liable for FHA violations. See 42 U.S.C. §3602(d)

Sims' Rehabilitation Act claim is a different matter. The Supreme Court has held that §504 of the Rehabilitation Act did not abrogate state sovereign immunity, Atascadero State Hospital v. Scanlon, 473 U.S. 234, 247 (1985), and also held, in that same case, that a state's receipt of federal funds under the Act did not waive sovereign immunity. However, Congressional reaction to the Atascadero opinion has led the Fifth Circuit to opine that pursuant to Congress' authority under the Spending Clause it has clearly conditioned the receipt of federal funds on compliance with the Rehabilitation Act's provisions and the concomitant waiver of sovereign immunity. Pace, 325 F.3d

at 615    Consequently, TDHCA may be exposed to liability under the Rehabilitation Act. Unfortunately, for Sims, as seen below, his rehabilitation claim nevertheless fails.

**Standing**

Sims lacks the standing necessary to confer jurisdiction on a federal court and permit entertaining his claims. The FHA protects potential buyers or renters of real estate from discrimination. <u>See</u> 42 U.S.C. §3604(f)(1)    However, the FHA does not protect potential landlords or potential real estate owners, even if they want to promote the availability of rental or other real estate to protected potential residents. Moreover, no remedy conferred by the FHA responds to Sims' alleged injury.

As with Sims' FHA claim, the Rehabilitation Act and ADA provisions upon which Sims relies relate to discriminatory conduct by an individual or entity directly involved with r eal estate, such as a landlord or apartment complex. Sims was mot seeking housing from TDHCA; in fact, TDHCA is not an entity that offers, sells or rents housing. Sims simply has no standing to sue TDHCA under any of these statutes, cf. <u>Sims v. Tex. Dep't of Hous U& Cmty Affairs</u>, 2005 US Dist LEXIS 31794 (S.D. Tex., Rosenthal, J., 2005), whether TDHCA is immune from suit or not.

**Injunctive Relief**

Sims is not entitled to an injunction to force TDHCA to comply with the rules and guidelines of its own Qualified Allocation Plan in the future. A federal court lacks jurisdiction to consider such a claim under the Eleventh Amendment. <u>Pennhurst State Sch. & Hosp., v. Halderman</u>, 465 U.S. 89,106 (1984).

**Conclusion**

For the foregoing reasons, it is the **ORDER** of this Court that "Defendant Texas Department of Housing and Community Affairs' 12(b) Motion to Dismiss" (Instrument no. 22) is **GRANTED** and all claims asserted by Plaintiff, Rick R. Sims against the Texas Department of Housing and Community Affairs are **DISMISSED, with prejudice, for lack of subject matter jurisdiction.**

**DONE** at Brownsville, Texas, this 7th day of October, 2008.

_____
John R. Froeschner
United States Magistrate Judge