IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| RICK SIMS | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-07-4511 |
| | § |
| TEXAS DEPARTMENT OF HOUSING | § |
| AND COMMUNITY AFFAIRS, ET AL. | § |

## OPINION AND ORDER

Before the Court is "Defendant Village of Zion LP's 12(b) Motion to Dismiss" the complaint of Plaintiff, Rick R. Sims. Having carefully considered the Motion and Sims' response the Court now issues this Opinion and Order.

The Parties are intimately familiar with the relevant facts, so the Court will not repeat them here.

In its Motion, Village of Zion seeks dismissal under Rule 12(b)(1) for lack of diversity. The linchpin to this argument is Village of Zion's proposition that the work Sims alleges he performed which was converted by Village of Zion was actually performed by him as an agent of the Piola Wilson Foundation, Inc., a Texas non-profit corporation of which Sims was a director. Without any citation to controlling statutory or case law, Village of Zion argues that any claim brought by Sims would actually belong to the Foundation, which has now been dissolved, and would thereby destroy diversity. However, in his original complaint, at paragraph 19, and in his response, at page 10, Sims asserts that the Piola Wilson Foundation was not formed until after he had performed substantial services in connection with the development of the proposed housing project. This Court is not convinced, on the present record, that Sims is precluded from asserting

his conversion claim individually and it is quite clear that the time Sims filed this action he was a resident of Louisiana. See Grupo Dataflux v. Atlas Global Group, LP, 541 US 567, 571 (2004) (Diversity must exist at the time the lawsuit is filed; it need not exist earlier, nor must it continue thereafter.) The Motion of Village of Zion to dismiss Sims' complaint under Rule 12(b)(1) for lack of subject matter jurisdiction must be denied.

Village of Zion also seeks dismissal under Rule 12(b)(6). Village of Zion concedes that such Motions are disfavored and should rarely be granted, Beanal v. Freeport-McMoran, 197 F.3d 161, 164 (5th Cir. 1999), but argues that even accepting Sims' factual allegations as true he has no right to relief because the alleged claim, once again, belonged to the Piola Wilson Foundation. Unfortunately, for Village of Zion, this argument fails for the same reason its 12(b)(1) argument fails: Sims appears, on the present record, to be properly asserting claims in his individual capacity. Accordingly, the Motion of Village of Zion to dismiss Sims' complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted must also be denied.

Following some discovery, it may become apparent that summary judgment is appropriate, but at this time, it is the **ORDER** of this Court that for the foregoing reasons the "Village of Zion LP's 12(b) Motion to Dismiss" (Instrument no. 32) is **DENIED**.

**DONE** at Galveston, Texas, this _____3rd_____ day of February, 2009.

_____
John R. Froeschner
United States Magistrate Judge